**LERMA & ASSOCIATES, P.C.**
Jose M. Lerma, Esq.
33 N. Tucson Blvd.
Tucson, Arizona 85716
(520) 624-2179
Fax: 624-3332
E-mail: jml@joselermalaw.com
State Bar No. 003020
*Attorney for Defendant Pedro Rosales-Martinez*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Pedro Rosales-Martinez,<br><br>            Defendant. | **No. CR-06-1449-TUC-CKJ (JCG)**<br><br>**DEFENDANT'S PRESENTENCE MEMORANDUM**<br><br>(Assigned to the Hon. Cindy K. Jorgenson) |

Pedro Rosales-Martinez, Defendant in the above-captioned matter, submits the following Memorandum for consideration by the Court prior to imposing sentence upon him.

### **ACCEPTANCE OF RESPONSIBILITY**

The Court will recall that Defendant Rosales-Martinez went to trial in this case upon the premises that 1) his prior Order of Deportation was not a valid Order and 2) that he could not be guilty of unlawful re-entry after deportation because he was under constant surveillance by American authorities from the time he approached the international boundary from Mexico to the time he was arrested in United States Territory. The matter was presented to the Court as a Bench Trial and the Defendant was convicted of re-entry after deportation. However, the Defendant did not deny any of the conduct constituting the offense, but limited himself to presenting legal arguments. Defendant stipulated to identity

and to admissibility of the A-File, saving the Government an enormous amount of time and effort in obtaining this conviction. The trial took less than three (3) hours instead of two (2) days.

As a result of these concessions and stipulations by the Defendant, Assistant United states Attorney Liza Granoff agreed that she would recommend a two (2) level downward departure at the time of sentencing, for Defendant's acceptance of responsibility. Ms. Granoff further stated that she would *not* recommend the additional one (1) level departure customarily offered by the Government upon a resolution of a matter by way of a plea of guilty. The undersigned advised AUSA Granoff that he would seek that third point of downward departure and that, of course, the sentencing Judge would then decide the issue.

The Government has suggested in its opposition to the third point of downward departure, that, since the Defendant went to trial (albeit an abbreviated Bench Trial) the Defendant is not entitled to the three (3) point reduction. We believe the Government's position to be incorrect. In U. S. V. Ochoa Gaytan, 265 F3d 837 (9th Cir. 2001) the Court stated that it had

> "...often noted that a judge cannot rely upon the fact that a Defendant wishes to plead guilty and insists on his right to trial as the basis for denying an acceptance of responsibility adjustment." See also U. S. v. Morbacher, 182 F3d 1041, 1052 (9th Cir. 1999); U.S. v. McKinney, 15 F3d 849, 852 (9th Cir., 1994); U.S. v. Sitton, 968 F2d 947, 962 (9th Cir., 1992.

Moreover, when a Defendant qualified for a two (2) level downward departure under U. S. Sentencing Guidelines §3E1.1(a), the burden is on the Government to demonstrate that Defendant is not entitled to the additional one (1) level adjustment. See U.S. v. Rodriguez-Lara, 421 F3d 932, 948 (9th Cir., 2005); U.S. v. Ruelas-Arreguin, 219 F3d 1056 (9th Cir., 2000). A District Court commits reversible error if it fails to apply this additional one (1) level reduction, Rodriguez-Lara, supra.

## **CULTURAL ASSIMILATION**

Defendant Rosales-Martinez was brought to this country as an infant. He attended schools in this country, worked here, married and raised a family here. The Defendant has absolutely no ties to Mexico. Even the woman he married in Mexico after his deportation resides in the United states. Why the Defendant, who was eligible for U. S. Citizenship for many years, did not avail himself of the privilege, is unfathomable.

Cultural assimilation is a proper downward departure in illegal re-entry cases for alien Defendants brought to the United States as children who have adapted to American culture in a strong way and who, after deportation, return to the United States for cultural rather than economic reasons (8 U.S. CA. § 1326; U.S.S.G. §§2L1.2, 5K 2.0; U. S. V. Rivas-Gonzales, 384 F3d 1034 C.A. 9 (Mont.) 2004. See also U. S. v. Rivera-Sanchez, 222 F3d 1057 (C.A. 9, Ariz., 200) where Judge Frank Zapata granted the Defendant a two (2) level downward departure based on cultural assimilation.

Since the Defendant re-entered this county on the mistaken assumption that he would be able to change the underlying order of deportation, and that he was entitled to some type of immigration relief, we suggest to the Court that granting the Defendant a downward departure based upon cultural assimilation is most appropriate in this case.

**Dated** this **9th** day of **August, 2007**.

s/ *José M. Lerma*
José M. Lerma, Attorney for Defendant
*Pedro Rosales-Martinez*

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Copy of the foregoing mailed/delivered by any means this 9th day of **August, 2007** to: |
| 4 | |
| 5 | Hon. Cindy K. Jorgenson |
| 6 | Liza Granoff, Esq., AUSA |
| 7 | Mr. Pedro Rosales-Martinez |
| 8 | |